UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

IN RE: PROTON-PUMP INHIBITOR                MDL No. 2789 (CCC) (MF)
PRODUCTS LIABILITY LITIGATION (NO. II)

**This document relates to:**

Rhonda Hawkins, Individually and as Administratrix of the Estate of Patricia Freeman,

Deceased,

v.

AstraZeneca LP., et al.

**THIRD AMENDED SHORT FORM COMPLAINT AND JURY DEMAND**

The Plaintiff(s) named below file(s) this *Third Amended Short Form Complaint* and *Jury Demand* against Defendants named below by and through their undersigned counsel and as permitted by Case Management Order No. 7. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint and Jury Demand in In re: Proton-Pump Inhibitor Products Liability Litigation*, MDL 2789, in the United States District Court for the District of New Jersey pursuant to Case Management Order No. 7.

In addition to those causes of action contained in Plaintiffs' Master Long Form Complaint and Jury Demand, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

**IDENTIFICATION OF PARTIES**

**Identification of Plaintiff(s)**

1. Name of individual injured/deceased due to the use of PPI Product(s): _____
   Patricia Freeman

2. Consortium Claim(s):  The following individual(s) allege damages for loss of consortium:  n/a

1

3. Survival and/or Wrongful Death Claims:

   a. Plaintiff, <u>Rhonda Hawkins</u>, is filing this case in a representative capacity as the <u>Administratrix</u> of the Estate of <u>Patricia Freeman</u>, deceased.

   b. Survival Claim(s): The following individual(s) allege damages for survival claims, as permitted under applicable state laws: _____
      O.R.C §§ 2125.01 & 2305.21 et seq

4. As a result of using PPI Products, Plaintiff/Decedent suffered pain and suffering, emotional distress, mental anguish, and personal and economic injur(ies) that are alleged to have been caused by the use of the PPI Products identified in Paragraph 10, below, but not limited to the following:

   _____ injury to himself/herself

   _____X_____ injury to the person represented

   _____ wrongful death

   _____X_____ survivorship action

   _____ economic loss

   _____ loss of services

   _____ loss of consortium

   _____ other: _____

**Identification of Defendants**

5. Plaintiff(s)/Decedent is/are suing the following Defendant(s) (please check all that apply):

2

☐ Abbott Laboratories

☒ AstraZeneca Pharmaceuticals LP

☒ AstraZeneca LP

☐ GlaxoSmithKline Consumer Healthcare Holdings (US) LLC

☒ Merck & Co. Inc. d/b/a Merck, Sharp & Dohme Corporation

☐ Novartis Consumer Health, Inc.

☐ Pfizer, Inc.

☐ The Procter & Gamble Company

☐ The Procter & Gamble Manufacturing Company

☐ Takeda Pharmaceuticals U.S.A., Inc.

☐ Takeda Pharmaceuticals America, Inc.

☐ Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development Center, Inc.

☐ Takeda Pharmaceutical Company Limited

☐ Other(s) Defendant(s) (please identify):

_____

_____

_____

_____

**JURISDICTION & VENUE**

**Jurisdiction:**

6. Jurisdiction in this Short Form Complaint is based on:

   ☒ Diversity of Citizenship

   ☐ Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable federal Rules of Civil Procedure). _____

**Venue:**

7. District Court(s) in which venue was proper where you might have otherwise filed this Short form Complaint absent Case Management Order No. 7 entered by this Court and/or to where remand could be ordered:  United States District Court for the Northern District of Ohio

**CASE SPECIFIC FACTS**

8. Plaintiff(s) currently reside(s) in (City, State):   Cleveland, OH

9. Plaintiff, Rhonda Hawkins, is the daughter and next of kin of Patricia Freeman.

10. There was no surviving spouse of Patricia Freeman, as she was widowed at her date of death.

11. To the best of Plaintiffs knowledge, Plaintiff/Decedent used PPI Product(s) during the following time period:   January 2008 - November 2015

12. Plaintiff/Decedent used the following PPI Products, for which claims are being asserted:

    ☐ Dexilant

    ☒ Nexium

    ☐ Nexium 24HR

    ☐ Prevacid

    ☐ Prevacid 24HR

4

☐ Prilosec

☐ Prilosec OTC

☐ Protonix

☐ Other (List All):

13. The injuries suffered by Plaintiff/Decedent as a result of the use of PPI Products include, among others that will be set forth in Plaintiffs discovery responses and medical records:

☐ Acute Interstitial Nephritis (AIN)

☐ Acute Kidney Injury (AKI)

☒ Chronic Kidney Disease (CKD)

☐ End Stage Renal Disease (ESRD)

☐ Dialysis

☐ Death

☐ Other(s) (please specify):

_____

_____

_____

14. At the time of the Plaintiffs/Decedent's diagnosis of injury, Plaintiff7Decedent resided in (City, State): ___Cleveland, OH_____

## CAUSES OF ACTION

15. Plaintiff(s), again, hereby adopt(s) and incorporate(s) by reference the *Master Long form Complaint and Jury Demand* as if fully set forth herein.

16. The following claims and allegations asserted in the *Master Long Form Complaint and Jury Demand* are herein more specifically adopted and incorporated by reference by Plaintiff(s) please check all that apply):

    ☒ Count I: Strict Product Liability

    ☒ Count II: Strict Product Liability — Design Defect

    ☒ Count III: Strict Product Liability — Failure to Warn

    ☒ Count IV: Negligence

    ☒ Count V: Negligence *Per Se*

    ☒ Count VI: Breach of Express Warranty

    ☒ Count VII: Breach of Implied Warranty

    ☒ Count VIII: Negligent Misrepresentation

    ☒ Count DC: Fraud and Fraudulent Misrepresentation

    ☒ Count X: Fraudulent Concealment

    ☒ Count XI: Violation of State Consumer Protection Laws of the State(s) of:

       Ohio Rev. Code Ann. §§ 1345.01 et seq.

    ☐ Count XII: Loss of Consortium

    ☐ Count XIII: Wrongful Death

    ☒ Count XIV: Survival Action

☐ Furthermore, Plaintiff(s) assert(s) the following additional theories and/or Causes of Action against Defendant(s) identified in Paragraph five (5) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit and such further relief as the Court deems equitable and just, and as set forth in the *Master Long form Complaint and Jury Demand*, as appropriate.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Dated:  February 8, 2023

                                                Respectfully Submitted,

                                                s/Michael A. London
                                                Michael A. London (ML - 7510)
                                                Douglas & London, P.C.
                                                59 Maiden Lane, 6th Floor
                                                New York, NY 10038
                                                (212) 566-7500
                                                (212) 566-7501 (facsimile)
                                                mlondon@douglasandlondon.com